IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANE JAMESON,

                    Plaintiff,

          v.                              CASE NO.  16-3011-SAC-DJW

JOHN HENDERSON,
Attorney at Law,

                    Defendant.

<u>MEMORANDUM AND ORDER</u>

Plaintiff, an inmate of the El Dorado Correctional Facility, in El Dorado, Kansas,[1] filed this pro se civil rights complaint under 42 U.S.C. § 1983.  The court has screened the complaint and dismisses this action for failure to state a claim.

The court first addresses the filing fee obligation. Plaintiff submitted two motions to proceed without prepayment of fees.  Based upon the financial information attached to his second motion, the court granted his motions but ordered plaintiff to pay an initial partial filing fee of $4.50. Instead of paying the part fee, plaintiff sent correspondence to Judge Waxse[2] stating that he owes $720.00 at the Shawnee County

_____

[1]    Plaintiff was confined in the Douglas County Jail when he filed this action.

[2]    It is not appropriate to correspond directly with the judge assigned to a litigant's case.  To seek court action, a litigant must file a motion with the case caption and number at the top of the first page and send

1

Jail, cannot pay for an attorney, and has no money to pay the part fee. The court treats this letter as a motion and allows plaintiff to proceed without payment of the initial partial filing fee. However, as he was previously notified, plaintiff remains obligated to pay the filing fee of $350.00 in full through payments automatically deducted from his inmate account as funds become available.

Plaintiff names as defendant John Henderson, an attorney appointed by the court to represent plaintiff in criminal proceedings. Plaintiff alleges the following background for his complaint. He was charged with "multiple crimes" under state statute including "criminal felon in possession of a firearm." That charge was dismissed. The charge was subsequently refiled in federal court. Plaintiff was found guilty of the federal offense "with no foundation or merit" and sentenced to 56 months in prison. He claims that defendant Henderson "allowed for this to happen." As Count I, plaintiff claims "Legal Malpractice." In support of this claim, he alleges that defendant Henderson is licensed to practice law in the State of Kansas and failed to provide plaintiff with a defense. As Count II, plaintiff claims "False Imprisonment." In support he alleges that he was sentenced to 56 months for a charge that was "dropped due to no evidence or probable cause." Plaintiff seeks "punitive damages"

the motion to the clerk for filing in his case.

of $1300 per day for 56 months and additional amounts for pain and medical bills that are nowhere described.

Because plaintiff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Having screened the complaint under these standards, the court finds the complaint must be dismissed for the following reason.

The only defendant named in this lawsuit is sued for actions taken as plaintiff's criminal defense attorney. Defense attorneys, whether court appointed or privately retained, performing in the traditional role of attorney for defendant in a criminal proceeding, do not act under color of state law. See *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Lowe v. Joyce*, 64 F.3d 669 (1995). A criminal defense attorney acts on behalf of his or her client and not on behalf of the State. It follows that plaintiff states no claim for relief against defendant Henderson under Section 1983. The remedy for a claim of attorney malpractice lies in state court.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff is not required to submit the initial partial filing fee of $4.50, but remains obligated to pay the full filing fee through payments automatically deducted from his institutional account.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 9) is denied as moot.

**IT IS SO ORDERED.**

4

Dated this 18th day of May, 2016, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge